## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

CHIERRE JONES                                                                                    PLAINTIFF
ADC #120477

V.                                    NO: 5:13CV00089 DPM/HDY

MICHAEL FERRICHER *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Chierre Jones, an Arkansas Department of Correction inmate who is incarcerated at the Tucker Maximum Security Unit, filed a *pro se* complaint on March 14, 2013. On September 19, 2013, Defendants Michael Ferricher, Kendrick Nelson, Steve Outlaw, William Straughn, Joseph W. Williams, and Maurice Williams, filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #15-#17). Although Plaintiff has been granted additional time to file a response (docket entry #19), he has not responded.

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

Plaintiff asserts in his complaint that he notified guards on several occasions in 2012 and early 2013 that he heard someone behind the walls of his cell trying to cut the pipes to his toilet or sink in the cell.  Plaintiff contends that he was in danger, but that no one he told took any action. In an effort to gain attention, Plaintiff claims, he took a homemade knife into a yard area on January 14, 2013, and began to stab himself.  Plaintiff charges that Joseph W. Williams and Nelson come back with an extraction team and used unnecessary force by spraying him with chemical spray when he had thrown the knife away and had his hands in the air.  Plaintiff finally claims that he was denied adequate medical treatment.

Defendants argue that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies, that he cannot prove that any Defendant disregarded any risk to his safety due to someone trying to gain access to his cell, that the force used in the incident was not excessive, and that Plaintiff was not denied adequate medical care.  Defendants also assert that they are entitled to sovereign and qualified immunity, and that Plaintiff failed to demonstrate personal involvement by some Defendants.

<u>Exhaustion</u>

Although Defendants contend that Plaintiff failed to exhaust his administrative remedies, he has asserted that prison officials refused to turn in his grievances (docket entry #2, page #7). Accordingly, Defendants have not met their burden to prove a lack of exhaustion. *See Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006) (per curiam) (noting that verified complaint is equivalent to affidavit for summary judgment purposes); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (remedy prison officials keep inmate from using is not "available" for purposes of 42 U.S.C. § 1997e(a))

Conditions

Plaintiff's first claim is that he was held in dangerous conditions because prison officials ignored his complaints that someone was trying to saw cut into his cell. In *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the Court held that, in order for a prisoner to recover against prison officials for failing to protect him, he must prove that: (1) "he [was] incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official was deliberately indifferent to that substantial risk of serious harm. In defining deliberate indifference, the Court, in *Farmer,* explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*.

*Id.* at 837 (emphasis added). Additionally, the Eighth Circuit has explained that this rigorous standard of proof is appropriate because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (*citing Wilson v. Seiter,* 501 U.S. 294, 297 (1991)).

Although Plaintiff has alleged that he was in danger of attack from individuals who might

saw through his cell walls to attack him, he has not demonstrated that he was incarcerated under conditions imposing a substantial risk of serious harm. However, even if there had been such a risk, Defendants have presented evidence that prison staff members investigated Plaintiff's complaints of someone trying to cut his pipes, and found no evidence indicating any cutting or tampering (docket entries #17-3, page #5, & #17-5). Because Plaintiff's concerns were investigated, he cannot establish deliberate indifference.

Excessive force

Plaintiff contends that Defendants used excessive force against him when they sprayed him with chemical agent, and shot him with a beanbag, in an effort to extract him from an outdoor exercise area. However, Plaintiff concedes that he had been stabbing his arm with a homemade knife, and a video of the incident provided by Defendants demonstrates that Plaintiff was directed multiple times to submit to restraints so that he could be transported back to his cell. Plaintiff disregarded the orders, and pepper spray was deployed. When that was ineffective, a beanbag round was used. Thereafter, Plaintiff submitted to restraints, and was transported to a shower for decontamination without further incident.

To establish a constitutional violation for the use of excessive force, Plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986). The video provided by Defendants makes clear that the amount of force used was proportionate to the need for force. Plaintiff was warned several times to submit to restraints, but refused to do so, and

he has not identified any extensive injury that resulted from the application of the force. It is clear from the video provided that no force was used maliciously and sadistically to cause harm, but was rather a good faith effort restore discipline.

<u>Medical care</u>

Finally, Plaintiff argues that he was denied adequate medical care for his injuries. However, none of the Defendants are medical providers, and Plaintiff was seen by medical and mental health providers after the incident. Plaintiff testified that the beanbag round bruised the back of his leg, and the stabbing did not pierce his skin (docket entry #17-2, page #55). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. There is no evidence to indicate that Plaintiff had a serious medical need, and, because Plaintiff was seen by medical providers after the incident (docket entry #17-4), no Defendant could be found to be deliberately indifferent to a serious medical need.[1]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #15) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

---

[1] In fact, medical records indicate that Plaintiff refused medication (docket entry #17-5, page #4).

DATED this __13__ day of November, 2013.

                                                  UNITED STATES MAGISTRATE JUDGE